UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **CHARLES DALIO**<br>    **Plaintiff,**<br><br>v.<br><br>**EDWARD BOWMAN,** *et al.*,<br>    **Defendants.** | **CIVIL ACTION NO. 6:21-cv-002-KKC**<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiff's Motion to Remand (DE 5). For the reasons stated below, the Court will grant the motion.

Plaintiff Charles Dalio alleges that he was injured in a car wreck caused by two other drivers: defendants Edward Bowman and Joshua Short. All three drivers were driving on I-75 in Rockcastle County, Kentucky. According to Dalio's complaint, defendant Bowman hit a guardrail, causing parts of the guardrail and other debris to enter the highway, which forced traffic on the interstate to stop. Dalio alleges that, when he stopped his car due to the obstruction, defendant Short rear-ended Dalio's car.

Dalio filed suit in Kentucky state court, naming five defendants He asserts claims against Bowman and Short, alleging that Bowman was driving under the influence of drugs or alcohol and that Short "failed to keep a proper lookout." Dalio seeks damages for past and future physical and emotional pain and suffering, past and future medical expenses, and past and future lost wages. In addition, he seeks punitive damages against Bowman.

 Dalio alleges in the complaint that his damages exceed the insurance coverage limits of Bowman and Short. Thus, he also sued his own insurers – MemberSelect Insurance Company and Auto Club Property-Casualty Insurance Company (the "Insurers")

– asserting claims for underinsured and uninsured motorist coverage and also for basic reparation benefits (known as "PIP" benefits) for all medical bills he has incurred or will incur in the future. He also asserted a claim for PIP benefits against the Kentucky Assigned Claims Plan.

The Insurers removed the action to this Court pursuant to 28 U.S.C. § 1441(a), which grants defendants in civil suits the right to remove cases from state courts to federal courts where the federal court would have original jurisdiction. In their notice of removal, the Insurers alleged that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), which grants federal courts jurisdiction over actions in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. There is no dispute that complete diversity exists in this action. Dalio asserts without any objection that he is an Indiana citizen and that none of the defendants is.

In his motion to remand, however, Dalio asserts that removal was improper based on the "forum-defendant rule." That rule prohibits removal of an action on the basis of diversity jurisdiction "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Here, there is no dispute that defendants Bowman and the Kentucky Assigned Claims Plan are Kentucky citizens. There is also no dispute, however, that neither of these defendants was "properly joined and served" at the time that the Insurers removed this action. Thus, under the plain text of the statute, the forum-defendant rule does not prohibit removal of this action.

Dalio argues that removal was nonetheless improper because the Insurers removed the action before he had a chance to serve the Kentucky defendants. Dalio filed the state court complaint just before Christmas, on Wednesday, December 23, 2020. The Insurers removed it on Tuesday, January 5, 2021.

A defendant's removal of an action before the plaintiff has served the forum defendant has been termed "snap removal." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Some district courts in this circuit have held that the forum-defendant rule prohibits snap removals. These courts reason that, to interpret the rule otherwise, would allow defendants "to employ gamesmanship, specifically by rushing to remove a newly filed state court case before the plaintiff can perfect service on anyone." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008). According to these courts, the purpose of the "joined and served" language in the forum-defendant rule is to prevent gamesmanship by *plaintiffs*, "who might name an in-state defendant against whom he or she does not have a valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s)." *Id.* at 861. Thus, these courts reason, it would be absurd to interpret the language of the forum-defendant rule to permit such gamesmanship by *defendants* by allowing them to remove an action before the plaintiff ever has the chance to serve the forum defendants. *Id.*

Other courts in this circuit have relied on the plain language of the statute and determined that it does not prohibit snap removal, meaning that a defendant can quickly remove a case before the plaintiff is able to serve the forum defendant. *See Linder v. Medtronic, Inc.*, 2013 WL 5486770 (W.D. Tenn. Sept. 30, 2013) ("[T]he statute says that a case 'may not be removed if any of the parties in interest… *properly joined and served as defendants* is a citizen of the State in which the action is brought.' Since MDS, the forum defendant in this case, had not been served at the time Medtronic filed its notice of removal, 1441(b) is not a bar to removal.")

The three Courts of Appeals that have addressed the issue have agreed with the latter position and held that the plain language of the statute does not bar snap removal.

3

*Texas Brine Co., L.L.C.*, 955 F.3d at 487 ("[T]he text is unambiguous . . . A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state.") *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.") *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.")

The Sixth Circuit has indicated it likely would agree with this position, although in dicta and in a footnote, stating, "Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813, n. 2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001). This view comports with the tenet of statutory construction directing that courts look "first to the text and, if the meaning of the language is plain, then 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1106 (6th Cir.2010) (quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)). Reading the statute to permit snap removal is "at least rational." *Texas Brine Co., L.L.C.*, 955 F.3d at 486; *See also Encompass Ins. Co.*, 902 F.3d at 153 ("Our interpretation does not defy rationality or render the statute nonsensical or superfluous. . . .") Accordingly,

4

the Court is inclined to find that the removal here was not prohibited under the forum-defendant rule since neither of the forum defendants was served at the time of removal.

The Court need not decide that issue, however, because there is another problem with removal in this case, which exposes a danger of snap removal. As the removing party, the Insurers must show by a preponderance of the evidence that the case meets the amount-in-controversy requirement. *See* 28 U.S.C. § 1446(c)(2)(B); *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019). "The question of jurisdiction is determined 'at the time of removal.'" *Heyman*, 781 F. App'x at 468 (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007)). Thus, "[t]o remove a case to federal court, the defendant must be prepared *at the moment of removal* to demonstrate by a preponderance of the evidence that federal jurisdiction exists." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 947 (E.D. Ky. 2010)

When defendants remove the case too quickly, they are less likely to be able to present such evidence to the Court:

> A defendant may only remove a case to federal court if he can establish by a preponderance of the evidence that the case satisfies the requirements for federal jurisdiction. But at this early stage of the litigation in state court, facts are sparse. Discovery has either not yet begun or is only in the beginning stages. Because of this dearth of evidence it may be impossible for the defendant to establish jurisdictional facts—especially the amount in controversy—by a preponderance of the evidence.

*Id.*

Under Kentucky rules, Dalio was prohibited from stating his damages in the complaint. Ky. R. Civ. P. 8.01(2). In support of their assertion that Dalio seeks more than $75,000, the Insurers point to Dalio's statement in the complaint that he seeks "all applicable underinsured motorist and uninsured motorist insurance coverage against" MemberSelect. The Insurers attach a copy of the MemberSelect policy which indicates that

the UIM and UM coverage limits were $250,000 at the time of the wreck. The problem, however, is that, because no discovery has occurred, the Insurers are unable to put forth any evidence as to policy limits for the insurance policies of Bowman and Short. Thus, it is not clear what portion of the $250,000 in Dalio's own insurance policy is in controversy.

This is why, "[w]hen the defendant is faced with an unspecified amount that is not self-evidently greater or less than the requisite amount in controversy, 'it is appropriate to engage in discovery to determine the amount of damages being sought.'" *Hackney v. Thibodeaux*, No. CIV.A.10-35-JBC, 2010 WL 1872875, at *2 (E.D. Ky. May 10, 2010) (quoting *Wood v. Malin Trucking, Inc* ., 937 F.Supp. 614, 616 (E.D.Ky.1995)). *See also*, *Minix v. Kawasaki Motors Corp.*, No. 09–90–ART, 2009 WL 2212282, at *3 (E.D.Ky. July 23, 2009) ("[W]hen the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case.")

Thus, it is appropriate to remand this case to state court where the parties will commence discovery. "If the evidence produced during discovery reveals that the case satisfies the requirements for federal jurisdiction, the defendant may remove the case to federal court at that time. If the evidence produced during discovery does not reveal that the case satisfies the requirements for federal jurisdiction, the case remains in state court." *May*, 751 F. Supp. 2d at 953. The Court recognizes the 30-day time limit on removal. 28 U.S.C. § 1446(b)(1). The clock does not start to run, however, until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Thus, defendants can still remove the case if the evidence developed in state court reveals that the amount in controversy is probably more than $75,000. *May*, 751 F. Supp. 2d at 953.

For all these reasons, the Court hereby ORDERS that the motion to remand (DE 5) is **GRANTED** and this matter is **REMANDED** to Rockcastle Circuit Court.

Dated July 20, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY